# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KPot Inc. | |
| vs. | Civil Action |
| 88 K-Pot Korean BBQ & Hot Pot LLC d/b/a 88 K-Pot Limited Liability Company | No. _____ |

## COMPLAINT

Plaintiff operates a successful chain of Korean restaurants with dozens of locations. Plaintiff obtained a registered servicemark for the word "KPOT" to market restaurants. Recently, Defendant created its own restaurant under the name "88 K-Pot." Despite written demand, Defendant refuses to stop using "K-Pot" to market its restaurant. Plaintiff seeks an injunction prohibiting future use of "K-Pot" or similar phrasing and money damages for Defendant's willful infringement of Plaintiff's registered servicemark.

### THE PARTIES

1. Plaintiff KPot Inc. ("***KPot***") is a New York Domestic Business Corporation.

2. KPot's address is 133–38 Sanford Avenue, Unit 5B, Flushing, NY 11355.

3. Defendant 88 K-Pot Korean BBQ & Hot Pot LLC d/b/a 88 K-Pot Limited Liability Company ("***Infringer***") is a Pennsylvania Limited Liability Company.

4. Infringer's address registered with the Department of State of the Commonwealth of Pennsylvania is 3926 Nazareth Pike, Suite 12-14 Bethlehem, PA 18020, which is also Infringer's principal place of business.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Infringer because Infringer is a Pennsylvania company and because its principal place of business is within the Commonwealth of Pennsylvania.

6. This Court has "federal question" subject-matter jurisdiction under 28 U.S.C. § 1331 because this Complaint's sole claims are for Infringer's violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*

7. Venue is proper in the Eastern District of Pennsylvania because Infringer's principal place of business is within the district and because a substantial part of the infringing activities took place within the district.

## BACKGROUND

8. KPot incorporated in June 2017.

9. KPot operates a chain of Korean restaurants, with dozens of locations throughout the United States.

10. KPot's business is particularly concentrated along the eastern seaboard, with a number of locations in Pennsylvania, New York, and New Jersey.

11. KPot's website is thekpot.com.

12. In 2018, KPot secured a trademark protecting the use of the word "KPOT" to market restaurants (the "***Mark***").

13. The Mark is registered with the "principal register" within the meaning of Title 15, Chapter 22, Subchapter I of the United States Code.

14. The registration is attached as Exhibit A.

15. Under 15 U.S.C. § 1115(a): "The registration is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein."

16. Since then, KPot has sought additional trademarks protecting its stylized logos. The applications remaining pending.

17. Infringer organized in October 2022.

18. Infringer intends to operate a single restaurant in Bethlehem, Pennsylvania.

19. Infringer will serve food of the same cuisine as KPot's.

20. Will Infringer has not yet opened for business, it uses the phrases "88 K-Pot" to market its restaurant—not only on signage, online menus, and its website but also on billboards.

21. Infringer's website is 88kpot.com.

22. Not only did Infringer copy KPot's protected servicemark, but Infringer also styles its logo to resemble KPot's logo.

23. KPot displays the text inside a red circle. The "P" and the "T" are in larger print than the "o."

24. Similarly, Infringer shows Korean characters inside a red circle and displays the "PoT" text in similar sizing as does KPot.

## THE DISPUTE

25. On September 15, 2022—soon after discovering the infringement—KPot's in-house legal counsel wrote to Infringer.

26. The letter demanded that Infringer stop using the Mark to market Infringer's services.

27. Later, Infringer's counsel wrote back, expressing Infringer's refusal to comply with the cease-and-desist letter.

28. The letter claimed that "KPOT" was similar to the phrase "K-pop," which is a term used to describe Korean pop music. For reasons that the letter does not make clear, that supposedly entitled to Infringer to continue using KPot's registered servicemark "KPOT."

## COUNT I
## Trademark infringement in violation of the Lanham Act

29. 15 U.S.C. § 1114(1) provides:

> (1) Any person who shall, without the consent of the registrant--
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

30. The Mark is valid and legally protectible.

31. KPot owns the Mark.

32. Infringer's use of the term "K-Pot" is likely to cause confusion concerning the origin of Infringer's services by misleading consumers into believing that Infringer's services are those of KPot.

33. Infringer's wrongful acts were willful.

34. Under 15 U.S.C. § 1117, KPot is entitled either to statutory damages or up to three times its actual damages.

35. Actual damages include: (a) the defendant's profits, (b) any damages sustained by the plaintiff, and (c) the costs of the action.

36. As to statutory damages, plaintiffs are entitled to up to $2,000,000 for willful violation or up to $200,000 for non-willful violation.

37. This Court may also award attorney's fees in "exceptional cases."

WHEREFORE, KPot requests statutory damages of $2,000,000 or three times its actual damages, whichever is greater; attorney's fees; court costs; costs of

litigation; reasonable attorney's fees; and any other relief that this Court deems just and proper.

## COUNT II
## Unfair competition in violation of the Lanham Act

38. 15 U.S.C. § 1125(a) provides:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

39. The Mark is valid and legally protectible.

40. KPot owns the Mark.

41. Infringer's use of the term "K-Pot" is likely to cause confusion concerning the origin of Infringer's services by misleading consumers into believing that Infringer's services are those of KPot.

42. Infringer's wrongful acts were willful.

43. Under 15 U.S.C. § 1117, KPot is entitled either to statutory damages or up to three times its actual damages.

44. Actual damages include: (a) the defendant's profits, (b) any damages sustained by the plaintiff, and (c) the costs of the action.

45. As to statutory damages, plaintiffs are entitled to up to $2,000,000 for willful violation or up to $200,000 for non-willful violation.

46. This Court may also award attorney's fees in "exceptional cases."

WHEREFORE, KPot requests statutory damages of $2,000,000 or three times its actual damages, whichever is greater; attorney's fees; court costs; costs of litigation; reasonable attorney's fees; and any other relief that this Court deems just and proper.

## COUNT III
## Injunctive relief under the Lanham Act

47. As outlined above, Infringer violated the Lanham Act.

48. 15 U.S.C. § 1116 empowers this Court to grant injunctions "to prevent the violation of any right of the registrant of a [registered] mark."

49. Infringer's actions have and will cause KPot to suffer irreparable harm, including without limitation damage to its trademark, loss of good will, loss of market share, lost business opportunities, lost profits.

50. These irreparable harms either cannot be compensated by monetary damages or would be too difficult to quantify in terms of monetary damages to permit an award of monetary relief.

51. Restraining violation of a registered mark serves the public interest by ensuring that consumers have accurate knowledge regarding the restaurant services that members of the public purchase.

52. The balance of equities weighs in KPot's favor.

WHEREFORE, KPot requests a permanent injunction prohibiting Infringer from marketing a restaurant using "KPot," or "K-Pot," or any other phrase containing both the letter "K" and the word "pot" however capitalized; and to no longer use any domain name including any similar phrase.

Respectfully submitted,

*/s/ Donald Benedetto*
Donald Benedetto (PA ID No. 309199)
Daniel Auerbach (PA ID No. 316856)
Gamburg & Benedetto LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
don@gamburglaw.com
dan@gamburglaw.com

*Counsel for Plaintiff*

Dated: January 25, 2023