UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| KPOT, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:23-cv-0316 |
| | : | |
| 88 K-POT KOREAN BBQ & HOT POT, LLC, *d/b/a 88 K-POT LIMITED LIABILITY COMPANY*, | : : : | |
| Defendant. | : | |

_____

**O R D E R**

**AND NOW**, this 14th day of February, 2022, upon consideration of Plaintiff's Motion for Preliminary Injunction, **IT IS HEREBY ORDERED THAT** the Motion, ECF No. 6, is **DENIED without prejudice**.[1]

---

[1] The Court denies the motion because it lacks personal jurisdiction over the Defendant. The Court lacks personal jurisdiction over the Defendant because Plaintiff has not properly served the complaint and summons on the Defendant. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991).

Under Pennsylvania law, a plaintiff must serve a limited liability corporation like the Defendant by handing a copy of the complaint and summons to any of the following persons provided the person is not a plaintiff in the action: "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. C. P. 424. *See also* Fed. R. Civ. P. 4(h)(1)(B) (explaining a corporation may also be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant").

Plaintiff filed an affidavit of service to establish proof of service in this case. *See* ECF No. 5. In that affidavit, the server states that he went to the Defendant's place of business, entered the business, "saw a gentleman of Asian decent [sic]," left "the papers" on a counter, and told the man that "he had been served." *Id*. However, the server also states that the Defendant's establishment was not open for business at the time he attempted to serve the summons. He states further that the man refused to give his name to the server and that the man discarded the summons onto the pavement outside the Defendant's place of business. The server then retrieved the discarded summons and left.

There is no evidence that the unknown person accepted service on behalf of the Defendant. To the contrary, it is apparent that the unknown person refused to accept service on behalf of the

BY THE COURT:


       */s/ Joseph F. Leeson, Jr.*
       JOSEPH F. LEESON, JR.
       United States District Judge

---

Defendant. Moreover, there is no evidence that the unknown person was an individual who could receive service of process for the Defendant. Nor is there any evidence that a copy of the summons and complaint ever made it to an executive officer, authorized agent, or other individual who could receive service of process for the Defendant. As a result, Plaintiff has not met its burden of establishing valid service. *See Washington v. LM Gen. Ins. Co.*, 598 F. Supp. 3d 280, 285 (E.D. Pa. 2022) (holding that the party asserting the validity of service of process bears the burden of proving proper service).

    The Court also notes that in a footnote in its Motion, Plaintiff concedes that it does not "have any contact information for Defendant and so are unable to speak with anyone about [its] motion." Plaintiff asserts, however, that it gave notice of its Motion to Defendant by mailing a copy of the Motion to Defendant's place of business. Though the Federal Rules of Civil Procedure do allow service of motions to be made on parties by mail, *see* Fed. R. Civ. P. 5(b)(2)(C), that does not apply here because the Defendant is not yet a *party* to the lawsuit until they are properly served.