# Exhibit A

| To: | Oh, Sam (albertchang@aclawfirm.net) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 88384340 - K-POT PLACE - N/A |
| Sent: | 6/25/2019 9:13:37 PM |
| Sent As: | ECOM114@USPTO.GOV |
| Attachments: | Attachment - 1 <br> Attachment - 2 <br> Attachment - 3 <br> Attachment - 4 <br> Attachment - 5 <br> Attachment - 6 <br> Attachment - 7 <br> Attachment - 8 <br> Attachment - 9 |

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 88384340

**MARK:** K-POT PLACE

\*88384340\*

**CORRESPONDENT ADDRESS:**
   ALBERT CHANG
   LAW OFFICES OF ALBERT CHANG
   1225 WEST 190TH STREET, SUITE 420
   GARDENA, CA 90248

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Oh, Sam

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
   N/A
**CORRESPONDENT E-MAIL ADDRESS:**

   albertchang@aclawfirm.net

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW. A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 6/25/2019**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

## TRADEMARK ACT SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5570339.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the attached registration.

Applicant's mark is **"K-POT PLACE"** for use in connection with "Korean Asian Fusion Restaurant, serving multi-ethnic food and beverages with an emphasis on Korean cuisine for consumption on and off the premises".

Registrant's mark is **"KPOT"** for "Restaurant services; restaurant carryout services".

ANALYSIS

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties.  *See* 15 U.S.C. §1052(d).  Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors").  *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017).  Only those factors that are "relevant and of record" need be considered.  *M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1382, 78 USPQ2d 1944, 1947 (Fed. Cir. 2006) (citing *Shen Mfg. Co. v. Ritz Hotel Ltd.*, 393 F.3d 1238, 1241, 73 USPQ2d 1350, 1353 (Fed. Cir. 2004)); *see In re Inn at St. John's, LLC* , 126 USPQ2d 1742, 1744 (TTAB 2018).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services.  *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

*Similarity of the Marks*

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression.  *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v).  "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)); TMEP §1207.01(b).

The marks are similar in commercial impression because the dominant element in each mark is nearly identical, namely, "K POT." Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression.  *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1305, 128 USPQ2d 1047, 1050 (Fed. Cir. 2018) (citing *In re Dixie Rests.*, 105 F.3d 1405, 1407, 41 USPQ2d 1531, 1533-34 (Fed. Cir. 1997)); TMEP §1207.01(b)(viii), (c)(ii).  Greater weight is often given to this dominant feature when determining whether marks are confusingly similar.  *See In re Detroit Athletic Co.*, 903 F.3d at 1305, 128 USPQ2d at 1050 (citing *In re Dixie Rests.*, 105 F.3d at 1407, 41 USPQ2d at 1533-34).

Although applicant uses a hyphen between the words "K POT" and registrant uses the terms in unitary form, the marks are identical in sound and nearly identical in appearance. The marks are essentially phonetic equivalents and thus sound similar.  Similarity in sound alone may be sufficient to support a finding that the marks are confusingly similar.  *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *see In re 1st USA Realty Prof"ls, Inc.* , 84 USPQ2d 1581, 1586 (TTAB 2007); TMEP §1207.01(b)(iv).

For these reasons, the marks are similar.

*Similarity of the Services*

The goods and/or services are compared to determine whether they are similar, commercially related, or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

The compared goods and/or services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

In the present case, applicant and registrant each provide restaurant services. Therefore, the services are identical and necessarily similar.

*Conclusion*

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

For these reasons, registration is refused under Trademark Act Section 2(d).

If applicant responds to the refusal above, applicant must also address the requirement outlined below.

**DISCLAIMER REQUIRED**

Applicant must provide a disclaimer of the unregistrable part(s) of the applied-for mark even though the mark as a whole appears to be registrable. *See* 15 U.S.C. §1056(a); TMEP §§1213, 1213.03(a). A disclaimer of an unregistrable part of a mark will not affect the mark's appearance. *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 979-80, 144 USPQ 433, 433 (C.C.P.A. 1965).

In this case, applicant must disclaim the word "PLACE" because it is not inherently distinctive. These unregistrable term(s) at best are merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services. *See* 15 U.S.C. §1052(e)(1); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

The word "PLACE" means "a particular location or space or the particular area normally occupied by something" or "space; room," according to the attached dictionary evidence. When used in connection with restaurant services, the word "PLACE" is descriptive of the fact that applicant provides its restaurant services in a room or a particular location or space. Therefore, this term is descriptive and must be disclaimed.

Applicant may respond to this issue by submitting a disclaimer in the following format:

> **No claim is made to the exclusive right to use "PLACE" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to satisfy this issue using the Trademark Electronic Application System (TEAS), see the [Disclaimer webpage](Disclaimer webpage).

**RESPONSE GUIDELINES**

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although the trademark examining attorney cannot provide legal advice or statements about applicant's rights, the trademark examining attorney can provide applicant with additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06. Although the USPTO does not accept emails as responses to Office actions, emails can be used for informal communications and will be included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

Shaila E. Lewis
Trademark Examining Attorney
Law Office 114
(571) 270-1527 (phone)
(571) 270-2527 (fax)
Shaila.Lewis@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**DESIGN MARK**

**Serial Number**
87804459

**Status**
REGISTERED

**Word Mark**
KPOT

**Standard Character Mark**
Yes

**Registration Number**
5570339

**Date Registered**
2018/09/25

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
KPot, Inc. CORPORATION NEW YORK 133-38 Sanford Ave., Unit 5B Flushing NEW YORK 11355

**Goods/Services**
Class Status -- ACTIVE. IC 043. US 100 101. G & S: Restaurant services; restaurant carryout services. First Use: 2017/11/11. First Use In Commerce: 2017/11/11.

**Filing Date**
2018/02/20

**Examining Attorney**
LEE, JANET

**Attorney of Record**
Vasilios Peros

# КРОТ



12. a step or point in a sequence: in the first *place*
13. the customary, proper, or natural position, time, or character
14. a space used, reserved, or customarily occupied by a person, as a seat in a theater, at a table, etc.
15. an office; employment; position
16. official position
17. the duties of any position
18. the duty, or business (of a person)
19. in racing, the first, second, or third position at the finish, specif. the second position
20. ARITH.
    the position of a digit in a number (Ex.: in 12.3 the one is in the ten's *place*, the two in the unit's *place,* and the three in the tenth's *place*)

*Origin of place*

Old French *platfea*, Showing old tion, datum only, anday tant (in his name, no means men) from Showing Sanskrit time, a stretch, foremat store

*transitive verb*

### placed, plac′ing

1. 
    a. to put in a particular place, condition, or relation
    b. to put in an assigned or proper place, as in a sequence or series
    c. to identify by associating with the correct place or circumstances: to *place* somebody's face
2. to find employment or a position for; appoint to an office
3. to arrange for a desired handling, treatment, or allocation of: to *place* a shipment, to *place* a child for adoption
4. to assign (a value)
5. to make or give as an estimate
6. to offer (a proposal, problem, etc.) to be considered
7. to repose (confidence, trust, hope, etc.) *in* a person or thing
8. to adjust (the voice) to head or chest register
9. to finish in (a specified position) in a competition: to *place* last
10. to initiate or effect (a telephone call)

*Origin of place*

Fr *placer*

SPORTS
to finish among the first three in a contest; specif., to finish second in a horse or dog race

### place Idioms

*give place*

1. to make room
2. to yield

*go places*

SLANG
to achieve success

YD Get our Amazon Alexa Skills!

to achieve success

**in (or out of) place**

1. in (or out of) the customary, proper, or assigned place
2. that is (or is not) fitting, proper, or timely

**in place of**

as a substitute for; instead of

**know one's place**

to be conscious of one's (inferior) position or rank in life and act accordingly

**put someone in his (or her) place**

to humble someone who is overstepping bounds 

**run (jog, etc.) in place**

to move the legs alternately as in running (jogging, etc.), but remain in the same place, not going forward or backward

**take place**

to come into being; happen; occur

**take the place of**

to be a substitute for

Webster's New World College Dictionary, Fifth Edition Copyright © 2014 by Houghton Mifflin Harcourt Publishing Company. All rights reserved.

Link/Cite

# place
*noun*

*noun*

1. **a.** An area with definite or indefinite boundaries; a portion of space.
   **b.** Room or space, especially adequate space: *There is place for everyone at the back of the room.*
2. **a.** The particular portion of space occupied by or allocated to a person or thing.
   **b.** A building or an area set aside for a specified purpose: *a place of worship.*
3. **a.** A dwelling; a house: *bought a place on the lake.*
   **b.** A business establishment or office.
   **c.** A locality, such as a town or city: *visited many places.*
4. *Abbr.* **Pl.** A public square or street with houses in a town.
5. **a.** A space in which one person, such as a passenger or spectator, can sit or stand.
   **b.** A setting for one person at a table.
6. A position regarded as belonging to someone or something else; stead: *She was chosen in his place.*
7. A particular point that one has reached, as in a book: *I have lost my place.*
8. A particular spot, as on the body: *the place that hurts.*
9. **a.** The proper or designated role or function: *the place of the media in a free society.*
   **b.** The proper or customary position or order: *These books are out of place.*
   **c.** A suitable setting or occasion: *not the place to argue.*
   **d.** The appropriate right or duty: *not her place to criticize.*
10. Social station: *He overstepped his place.*
11. A particular situation or circumstance: *Put yourself in my place.*
12. High rank or status.
13. A job, post, or position: *found a place in the company.*
14. Relative position in a series; standing.
15. *Games* Second position for betting purposes, as in a horserace.
16. The specified stage in a list of points to be made, as in an argument: *in the first place.*
17. *Mathematics* A position in a numeral or series.

*verb*

**placed, plac·ing, plac·es**

*verb*
*transitive*

1. To put in or as if in a particular place or position; set.
2. To put in a specified relation or order: *Place the words in alphabetical order.*
3. To offer for consideration: *placed the matter before the board.*
4. To find accommodation or employment for.
5. To put into a particular condition: *placed him under arrest.*
6. To arrange for the publication or display of: *place an advertisement in the newspaper.*
7. To appoint to a post: *placed her in a key position.*
8. **a.** To rank in an order or sequence: *I'd place him second best.*
   **b.** To estimate: *placed the distance at 100 feet.*
9. To identify or classify in a particular context: *could not place that person's face.*
10. **a.** To give an order for: *place a bet.*
    **b.** To apply or arrange for: *place an order.*
    **c.** To make or obtain a connection for (a telephone call).
11. To sell (a new issue of stock, bonds, or other securities).

11. To sell (a new issue of stock, bonds, or other securities).
12. To adjust (one's voice) for the best possible effects.

*verb*
*intransitive*
To be among those who finish a competition or race, especially to finish second.

**Phrasal Verbs:** place out To qualify for a waiver of a requirement or prerequisite: *placed out of a freshman composition class.*

*Origin of place*
Middle English *from* Old English *plæce* Old French *place* open space ( *from* Medieval Latin *placea* ) ( *from* Vulgar Latin *plattea* ) both from Latin *platēa* broad street from Greek *plateia (hodos)* broad (street) feminine of *platus* ; see *plat-* in Indo-European roots.

*Related Forms:*

- **place′a·ble**
  *adjective*

- **plac′er**
  *noun*

THE AMERICAN HERITAGE® DICTIONARY OF THE ENGLISH LANGUAGE, FIFTH EDITION by the Editors of the American Heritage Dictionaries. Copyright © 2016, 2011 by Houghton Mifflin Harcourt Publishing Company. Published by Houghton Mifflin Harcourt Publishing Company. All rights reserved.

Link/Cite

*Noun*
(*plural* places)

1. A location or position.
2. An open space, courtyard, market square.
3. A group of houses.
   *They live in Westminster Place.*
4. A region of a land.
   *He is going back to his native place on vacation.*
5. Somewhere for a person to sit.
   *We asked the restaurant to give us a table with three places.*
6. A frame of mind.
   *I'm in a strange place at the moment.*
7. (informal) A house or home.
   *Do you want to come over to my place later?*
8. A role or purpose; a station.
   *It is really not my place to say what is right and wrong in this case.*
9. Numerically, the column counting a certain quantity.
   *three decimal places;  the hundreds place*
10. The position of a contestant in a competition.
    *We thought we would win but only ended up in fourth place.*
11. The position as a member of a sports team.
    *He lost his place in the national team.*
12. Ordinal relation; position in the order of proceeding.

12. Ordinal relation; position in the order of proceeding.
    *That's what I said in the first place!*
13. Reception; effect; implying the making room for.

*Verb*

(*third-person singular simple present* places, *present participle* placing, *simple past and past participle* placed)

1. To put (an object or person) in a specific location.
   *He placed the glass on the table.*
2. (intransitive) To earn a given spot in a competition.
   *The win against the Mets placed the Cowboys in third place in the league.*
3. To remember where and when (an object or person) has been previously encountered.
   *I've seen him before, but I can't quite place where.*
4. (in the passive) To achieve (a certain position, often followed by an ordinal) as in a horse race.
   *Run Ragged was placed fourth in the race.*
5. To sing (a note) with the correct pitch.
6. To arrange for or to make (a bet).
   *I placed ten dollars on the Lakers beating the Bulls.*
7. To recruit or match an appropriate person for a job.
   *They phoned hoping to place her in the management team.*

*Origin*

From Middle English *place*, from Old English *plāse*, *plātse*, *plāce* ("place, an open space, street"), from Latin *platea* ("plaza, wide street"), from Ancient Greek πλατεῖα (plateia), shortening of πλατεῖα ὁδός (plateia hodos, "broad way"), from Proto-Indo-European *plat-* ("to spread"), extended form of *pelh-* ("flat"), *pelhā-*. Reinforced in Middle English by Old French *place* ("open space"). Displaced native Middle English *lough*, *loogh*, *loȝ* ("place, stead") (from Old English *lāh* ("place, stead")), Middle English *stede* ("place, location") (from Old English *stede* ("place, stead")), Middle English *stowe* ("place") (from Old English *stōw* ("place, locality, site")).

English Wiktionary. Available under CC-BY-SA license.

Link/Cite

## place - Computer Definition

A function in PageMaker and other applications that allows a selection of different types of text and graphics files to be inserted within the current document. Place is similar to the Import function in other programs, but may provide additional capabilities. For example, it may be able to maintain a link to a "placed" file rather than embedding it within the document. See import.

Computer Desktop Encyclopedia THIS DEFINITION IS FOR PERSONAL USE ONLY All other reproduction is strictly prohibited without permission from the publisher. © 1981-2017 The Computer Language Company Inc. All rights reserved.

Link/Cite

### SENTENCE EXAMPLES

- In the first **place**, he didn't consider this home.
- She returned to her **place** at the table.
- He lifted the nest gently and put it in a safe **place** in the forks of the tree.
- There was no **place** where he could set his foot to climb out.
- Now it was a **place** of torture.

- Now it was a **place** of torture.

» MORE...

## RELATED

- Examples of Plural Possessive Nouns

## ALSO MENTIONED IN

- in-place
- ectopic
- fall-into-place
- give-place
- pick-and-place
- headstead
- elsewhither
- show place
- deambulatory
- all-over-the-place

## WORDS NEAR PLACE IN THE DICTIONARY

- place
- placations
- placative
- placatively
- placatory
- place-an-order
- place card
- place-card
- place-cards
- place-holder

| To: | Oh, Sam (albertchang@aclawfirm.net) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 88384340 - K-POT PLACE - N/A |
| Sent: | 6/25/2019 9:13:39 PM |
| Sent As: | ECOM114@USPTO.GOV |
| Attachments: | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

# <u>IMPORTANT NOTICE REGARDING YOUR<br>U.S. TRADEMARK APPLICATION</u>

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **6/25/2019** FOR U.S. APPLICATION SERIAL NO. 88384340

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **6/25/2019** (*or sooner if specified in the Office action*). A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period. For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

# <u>WARNING</u>

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All <u>official</u> USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.